MJM/USAO 2020R00617

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | **CRIMINAL NO.** $SAG-21-088$ |
| v. | * | |
| | * | **(Bank Fraud, 18 U.S.C. §1344; Forfeiture)** |
| **MUSILIU AMUSA,** | * | |
| a/k/a "Kelvin Emmanuel Robert," | * | |
| a/k/a "Asorodayo Ifaolokun," | * | |
| | * | |
| **Defendant.** | *** | |

## INDICTMENT

## COUNTS ONE THROUGH FOUR
### (Bank Fraud)

The Grand Jury for the District of Maryland charges that:

At all times relevant to this Indictment:

1.      The defendant **MUSILIU AMUSA ("AMUSA")** was a national of Nigeria and a resident of the State of New York.

2.      The Victim Banks were financial institutions whose deposits were insured by the Federal Deposit Insurance Corporation, and included Victim Bank 1.

3.      Between on or about October 1, 2016, and September 7, 2017, **AMUSA** executed a scheme to defraud the Victim Banks, and to obtain money and property under the custody and control of the Victim Banks, by means of materially false and fraudulent pretenses, representations, and promises.

4.      It was part of the scheme that **AMUSA** opened accounts at the Victim Banks in false names using false passports, including a false United Kingdom passport in the name of "Kelvin Emmanuel Robert" and a false Nigeria passport in the name of "Asorodayo Ifaolokun," and other means.

1

5.    It was further part of the scheme that **AMUSA** obtained bank checks with the payee information altered to reflect false names, such as "Kelvin E. Robert" and "Asorodayo Ifaolokun."

6.    It was further part of the scheme that **AMUSA** deposited the altered bank checks into accounts with the Victim Banks opened in false names.

7.    It was further part of the scheme that **AMUSA** obtained funds derived from the altered checks by withdrawing cash from accounts into which the altered checks were deposited, among other means.

8.    On or about the dates listed below, in the District of Maryland, the defendant,

### MUSILIU AMUSA,
### a/k/a "Kelvin Emmanuel Robert," a/k/a "Asorodayo Ifaolokun,"

did knowingly and willfully execute a scheme and artifice to defraud a financial institution, and to obtain monies, funds, and credits owned by and under the custody and control of said financial institution, by means of false and fraudulent pretenses, representations, and promises; to wit, the defendant engaged in banking transactions described below in connection with an account at Victim Bank 1 fraudulently opened in the name of "Kelvin Emmanuel Robert":

| Count | Date | Description | Location |
|-------|------|-------------|----------|
| 1 | August 16, 2017 | Withdrawal of $5,500 | Frederick, Maryland |
| 2 | August 25, 2017 | Withdrawal of $500 | White Marsh, Maryland |
| 3 | August 28, 2017 | Withdrawal of $500 | Dundalk, Maryland |
| 4 | August 28, 2017 | Deposit of an altered bank check in the amount of $11,379.50 | Frederick, Maryland |

18 U.S.C. § 1344

2

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1.      Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendant that, in the event of the defendant's conviction on any of the offenses alleged in Counts One through Four of this Indictment, the United States will seek forfeiture as a part of any sentence in accordance with 18 U.S.C. § 982(a)(2), 21 U.S.C. § 853, and 28 U.S.C. § 2461.

2.      Upon conviction of any of the offenses charged in Counts One through Four of this Indictment, the defendant,

### MUSILIU AMUSA,
### a/k/a "Kelvin Emmanuel Robert," a/k/a "Asorodayo Ifaolokun,"

shall forfeit to the United States any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of such offenses.

3.      If, as a result of any act or omission of the defendant, any of the property described above as being subject to forfeiture:

  a.  cannot be located upon the exercise of due diligence;
  b.  has been transferred or sold to, or deposited with, a third person;
  c.  has been placed beyond the jurisdiction of the Court;
  d.  has been substantially diminished in value; or
  e.  has been commingled with other property that cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property of the defendant pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

18 U.S.C. § 982(a)(2)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

*Jonathan F. Lenzner / Jdh*

JONATHAN F. LENZNER
ACTING UNITED STATES ATTORNEY

A TRUE BILL:

4/8/2021
Date

Foreperson

3